**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

**UNITED STATES OF AMERICA,**

    -against-

                                                     23 CR 652 (NSR)

**CHRISTOPHER SMITH,**

                Defendant.

-------------------------------------------------------------X

**DEFENDANT'S SENTENCING MEMORANDUM**

                                           **JOHN S. WALLENSTEIN, ESQ.**
                                           **Attorney for Defendant**
                                           **1100 Franklin Avenue**
                                         **Garden City, New York 11530**
                                                **(516) 742-5600**
                                           **Fax: (516) 742-5040**
                         **Email:JSWallensteinEsq@outlook.com**

1

This memorandum is respectfully submitted on behalf of Christopher Smith, in connection with his sentencing for his conviction by guilty plea of Brandishing a Firearm during a crime of violence, *18 U.S.C.§ 924(c)*. For the reasons set forth herein, we respectfully that the Court impose a sentence of 84 months (the mandatory minimum) as such a sentence will be sufficient, but not greater than necessary, to achieve the goals of sentencing.

## SENTENCING GUIDELINES ISSUES

The Guidelines provide that in this case, where the defendant is convicted of violating *18 U.S.C.§ 924(c)*, the guideline sentence is the minimum statutory term of imprisonment. *U.S.S.G.§ 2K2.4(b)*. In this case, that sentence is 84 months. We agree with the PSR finding that the guideline sentence for the Count 6 conviction is 84 months. (PSR ¶ 31)

## SENTENCING FACTORS

The Guidelines provide "the starting point and the initial benchmark" for the district court, but they do not usurp the district court judge's "superior position to find facts and judge their import under § 3553(a)." *Gall v. United States*, 552 U.S. 38 at 49, 51 (2007). Under the mandate of *18 U.S.C. § 3553(a)*, "[t]he court shall impose a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing. In order to properly determine what that "sufficient" sentence is, the courts are instructed to consider the factors prescribed by Congress in *§3553(a)*. Those factors include:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford general and specific deterrence; to provide needed training or treatment;

3) the kinds of sentences available;

2

    4)    the sentencing guidelines;

    5)    the need to avoid unwarranted sentencing disparities; and

    6)    the need for restitution.

The Court is thoroughly familiar with all of the *3553(a)* factors and their application. The defendant was involved in a number of robberies which led to his present situation, the details of which are accurately spelled out in the PSR. A sentence of 84 months will account for the sentencing factors, and be sufficient, but not greater than necessary, to achieve those aims. The Probation Officer recommends this sentence, and we concur with the reasoning set forth in the PSR and sentence recommendation appended thereto.

The nature and circumstances of the offense of conviction are straightforward; Smith displayed a handgun during a robbery. Smith pled guilty to that crime, accepting responsibility for his actions. Without minimizing the conduct, it is important to note that no one was injured in the incident, or in any of the other charges noted in the Indictment and the PSR. Mr. Smith has agreed to make restitution to the victims of two of the robberies, as part of the negotiated plea agreement.

Mr. Smith's personal characteristics are most significant in explaining his conduct.  He was raised in Jamaica under difficult circumstances. He did not even know his mother until he was brought to the United States when he was nine years old, having been raised by his grandmother in Jamaica. During those early formative years, he did not know who or where his parents were. While he has declined to discuss the details of his childhood and adolescence, as he is a very private person, it could not have been easy to grow up under those circumstances. He has had limited contact with family members, and does not wish to involve his family in his life.

While incarcerated, Mr. Smith has not wasted his time. While in Westchester County jail, there was no programming available for him as a Federal prisoner, but he was able to use his time productively, working in the kitchen. While in MDC, he also worked in the kitchen, and was able to take some courses. He completed a national Parenting course, and completed a course in history provided through the auspices of St. Francis College. When he is sent to a permanent BOP facility, he will continue to seek out college courses and other educational opportunities, so that he is prepared for his eventual release.

Probation recommends a Guidelines sentence of 84 months, and while the government has not yet weighed in as this is written, we expect that they will concur. Such a sentence will fulfill the goals of sentencing, as it will punish the defendant (a seven year sentence is greater than any punishment he has received in the past.) The sentence will serve as a deterrent to Smith in the future; with the certain knowledge that if he commits another crime in the future, he will serve far more time. For the same reason, general deterrence is satisfied by the length of the sentence and the certainty of punishment. More importantly, the length of the sentence will allow Mr. Smith to avail himself of the programming available in the BOP, so that he will have a marketable skill upon release. That will also serve to deter future criminal activity, because someone who has the ability to achieve personal success in legitimate employment has no need to turn to crime.

## CONCLUSION

We respectfully submit that a sentence of 84 months is sufficient to meet the goals of sentencing as Congress has set forth in 18 U.S.C.§ 3553(a).

DATED:   GARDEN CITY, NEW YORK
               January 3, 2025

Respectfully submitted,

*John S. Wallenstein*

JOHN S. WALLENSTEIN